JONATHAN TRIPP *vs.* COUNTY COMMISSIONERS OF BRISTOL COUNTY.

If, under a petition for damages to land sustained by reason of the laying out of a highway, the chairman of the county commissioners gives the *venires* for summoning the jury, for service, to a deputy sheriff who is an inhabitant of the town in which the highway is laid out, knowing him to be such, and no objection is made at the trial, on account of his acts in summoning the jury, and the jury are left in his charge while they are deliberating on their verdict, without objection, the commissioners cannot afterwards object to the verdict returned by the jury, on account of his interest in the result of the case.

A sheriff who presides at the trial of a petition for damages to land, sustained by reason of the laying out of a highway, may lawfully leave the jury under charge of a deputy while they are deliberating on their verdict.

The verdict of a sheriff's jury, assessing damages to land sustained by reason of the laying out of a highway, will not be set aside because a deputy sheriff, having charge of them while they were deliberating on their verdict, at the house of the petitioner, where the hearing was had, upon their request for refreshments, furnished to them a pitcher of cider, belonging to, but without the knowledge of, the petitioner, if no injury to the respondents was caused thereby.

PETITION for damages to land, sustained by reason of the laying out of a highway in the town of Dartmouth. The respondents moved, in the superior court, to set aside the verdict of a sheriff's jury : because, 1. William Barker, the deputy sheriff who summoned the jury, was a citizen of Dartmouth, and therefore interested and incompetent to act in that capacity ; 2. Said Barker, being so interested, was left in charge of the jury and received their verdict; 3. The petitioner furnished refreshments to the jury during the trial.

The facts which were put in evidence in relation to the first two grounds are stated in the opinion. In relation to the third, it was found by the court that, after the sheriff had left the jury in charge of his deputy, Barker, and while they were deliberating on their verdict, at the house of the petitioner, where the hearing was had, and after the time for supper had passed, and they had had none, they called on Barker for some refreshments, and he furnished to them a pitcher of water and a pitcher of cider, belonging to, but without the knowledge of, the petitioner; and that these refreshments were reasonable. There was no evidence or suggestion of any unfair conduct on the part of the plaintiff or Barker, or that any injury had happened to the respondents by reason of any of the facts stated in the motion.

*Rockwell,* J. overruled the motion, and the respondents alleged exceptions.

*C. I. Reed,* for the respondents. Barker was incompetent to act. Gen. Sts. *c.* 43, §§ 27, 32. *Merrill* v. *County Commissioners,* 11 Pick. 272. *Sts.* 1802, *c.* 135, § 1; 1831, (Jan. Sess.) *c.* 112, §§ 1, 2. The verdict should be set aside on account of the refreshments furnished to the jury, although without the petitioner's knowledge. *Knight* v. *Freeport,* 13 Mass. 218. *Commonwealth* v. *Roby,* 12 Pick. 518. Verdicts are not set aside on such grounds merely on account of the party's misconduct, but

47 *

on account of the possible effect of the act on the jurors them-selves. "For this induces affection." 21 Vin. Ab. 448. In this case, the jurors were in the petitioner's house, and knew that they were drinking his cider. They had reason to suppose that it could not be furnished without his knowledge.

*T. D. Eliot & T. M. Stetson,* for the petitioner.

METCALF, J. 1. It is too late for the commissioners to object to the action of Barker in summoning the jury. The chairman of the board gave the *venires* to him for service, knowing him to be an inhabitant of Dartmouth ; and at the time of the empanel-ling of the jury the commissioners' counsel knew that Barker had summoned them. Yet no objection was made to his hav-ing served the *venires* until after the verdict was returned. The commissioners must be held to have waived the objection, and they cannot be permitted to retract the waiver. It is conclusive on them.

2. The same answer applies to the objection now made to Barker's having been left in charge of the jury — so far as it respects his interest in the case. But it is further objected that the sheriff could not lawfully appoint any deputy to the service which Barker performed after the case was committed to the jury. We think he could. No statute prohibits him.

By the Gen. Sts. *c.* 43, §§ 32, 33, the sheriff is to "preside" at the trial, when the commissioners do not appoint some other person to preside ; and his prescribed duty is, to "keep order, administer the oath to the jurors and witnesses, decide all ques-tions of law arising on the trial, direct the jury upon any ques-tion of law, when requested by either party, and, when requested, certify to the court, with the verdict, the substance of any decis-ion or direction by him given."

The direction, that the sheriff shall preside at the trial, does not require him personally to keep or attend the jury while they are making up their verdict. His duty, as presiding officer, is judicial ; and no other judicial officer takes personal charge of a jury, after a case is committed to them. This duty is done by executive officers, who are under the direction of the court that tries the case. We do not doubt, however, that the sheriff

might, if he had so chosen, have taken personal charge of the jury.

3. If the petitioner had given to the jurors, or to any of them, anything by way of treat, the court might set aside the verdict, on the respondents' motion. Gen. Sts. c. 132, § 33. But the court to which the verdict was returned has found that the refreshment given to the jury was not furnished by the petitioner, nor with his knowledge, and that it caused no injury to the respondents. And we cannot revise that finding of a matter of fact. On the facts thus found, the law does not require the disallowance of the verdict.          *Exceptions overruled.*